United States District Court
District of Massachusetts

| | |
|---|---|
| Hea Thai, <br><br> Petitioner, <br><br> v. <br><br> Patricia Hyde, et al., <br><br> Respondents. | Civil Action No. <br> 25-11499-NMG |

MEMORANDUM & ORDER

GORTON, J.

Petitioner, Hea Thai ("petitioner"), has filed a petition for writ of habeas corpus alleging that he is unlawfully detained by Immigration and Customs Enforcement ("ICE"). Respondents, Patricia Hyde, New England Field Office Director for ICE, Kristi Noem, the Secretary of Homeland Security, and others (collectively, "respondents") oppose that petition. For the reasons set forth below, the petition will be denied.

I. Background

According to petitioner, he is a 54-year-old native of Cambodia who has been present in the United States since at least 2008 and has resided, until now, in Lynn, Massachusetts. In December, 2008, petitioner was arrested for, and subsequently convicted of, possession with intent to distribute illegal narcotics in the United States District Court for the Eastern District of Pennsylvania. Because of that conviction, an

immigration judge deemed petitioner removable from the United States in 2011, see 8 U.S.C. §1227(a)(2)(A)(iii), and ordered his removal to Cambodia, from which petitioner did not appeal.

In April, 2012, ICE detained petitioner but released him on an order of supervision three months later. Such orders permit aliens to remain in the United States but impose certain conditions of release upon them, such as monitoring requirements. See 8 C.F.R. §241.13(h). Petitioner's conditions in this case included an obligation to inform ICE of any changes in petitioner's residential address within 48 hours of such change.

Thirteen years elapsed when, on May 24, 2025, ICE officers stopped petitioner in Lynn, Massachusetts, while investigating other suspected illegal aliens from Cambodia. According to respondents, the ICE officers initially questioned petitioner about his current residence. Petitioner gave evasive answers, listing two addresses in Lynn, one of which was known to ICE and one of which was not. Further investigation revealed a third previously unknown address. ICE concluded that petitioner had violated his conditions of release by failing to notify them and arrested him. He is now being held him in custody at a facility in Plymouth, Massachusetts. Respondents submit that there is a high likelihood of his removal from the United States in the foreseeable future.

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, asserting that he is being held without cause and in violation of his Fifth Amendment right to due process, although he does not articulate what aspect of the due process clause he seeks to invoke. He asks this Court to order his immediate release.

## II. Legal Standard

Section 2241 confers jurisdiction on this Court to order the release of any person who is being held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. §2241(c). The burden rests on the person in custody to prove that his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009)(citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

## III. Analysis

### A. Statutory and Regulatory Authority for Detention

The authority of ICE to detain illegal aliens under federal law derives from 8 U.S.C. §1231 which directs the Attorney General of the United States to affect the removal of any alien from this country within 90 days of any order of removal. 8 U.S.C. §1231(a)(1). During that time, the alien must be detained. Id. §1231(a)(2). After the 90-day period expires, however, the detainee must be released from custody on conditions of release unless special circumstances justify his

continued detention. One such circumstance arises when an alien is inadmissible pursuant to 8 U.S.C. §1182(a)(6)(A)(i) because he is present in the United States without being admitted or paroled. Id. §1231(a)(6).[1]

Although §1231 does not articulate the extent to which ICE is authorized to detain aliens who, like petitioner, have been released on an order of supervision, regulations promulgated by ICE authorize the detention of any alien who "violates [his] conditions of release." 8 C.F.R. §241.4(l)(1). Whether an alien violated his conditions is a matter of "discretion," id. §241.4(l)(2), and although neither the United States Supreme Court ("the Supreme Court") nor the First Circuit Court of Appeals ("the First Circuit") has addressed the extent of that discretion, other circuits have concluded that it is broad, see, e.g., Leybinsky v. U.S. Immigr. & Customs Enf't, 553 F. App'x 108, 110 (2d Cir. 2014). Upon such a determination, ICE must notify the alien of the reasons for revocation and hold an initial informal interview, to be followed, in most instances, by a further custody review. Id. §241.4(l)(1)-(3); see Noem v. Abrego Garcia, 145 S. Ct. 1017, 1019 (2025).

In this case, the Court finds that ICE detained petitioner within the bounds of its statutory or regulatory authority

---

[1] There is no dispute that the 90-day period after petitioner's 2011 order of removal has long since expired. See 8 U.S.C. §1231(a).

because petitioner was not admitted or paroled upon his entry to the United States pursuant to 8 U.S.C. §1182(a)(6)(A)(i). See 8 U.S.C. §1231(a)(6). Moreover, petitioner does not allege any failure by ICE to comply with regulations that permit detention of those who violate conditions of release. See 8 C.F.R. §241.4(l)(1). Instead, based upon respondent's pleadings and accompanying affidavits, ICE had good cause to find petitioner's answers evasive and indicative of his failure to notify it of his address changes. That failure, in turn, contravenes his conditions of release and constitutes viable grounds for ICE to exercise its broad discretion to detain petitioner. See id.[2]

## B. Due Process Implications of Detention

The Supreme Court addressed the due process implications of such detention in Zadvydas v. Davis, 533 U.S. 678 (2001). There, the Court reiterated that the right to be free from custody "lies at the heart of the liberty" that due process rights protect. Id. at 690. Consistent with that right, an alien's detention cannot be prolonged. Id.

Some period of detention prior to deportation is constitutionally valid, however, Demore v. Kim, 538 U.S. 510, 511 (2003), and an alien's detention presumptively comports with

---

[2] Respondents also suggest that this Court lacks jurisdiction to review matters of ICE discretion, see, e.g., Tazu v. Att'y Gen. of U.S., 975 F.3d 292, 297 (3d Cir. 2020); Xie Deng Chen v. Barr, No. 1:20-CV-00007-SL, 2021 WL 2255873, at *4 (N.D. Ohio Feb. 5, 2021), but in the absence of First Circuit precedent, this Court declines to give credence to that defense.

due process if it does not exceed six months, Zadvydas, 533 U.S. at 701. After such a period, and once the alien provides evidence that there is no significant likelihood of his removal from the United States in the reasonably foreseeable future, the government must respond with "evidence sufficient to rebut that showing." Id.

Consistent with the Zadvydas framework, ICE promulgated regulations authorizing an alien to present "good reason to believe" that his removal is not significantly likely to occur in "the reasonably foreseeable future" and, if so, entitling him to agency review of his detention. 8 C.F.R. §241.13(a). If his removal is not foreseeable, he must be released, unless special circumstances justify continued detention. Id. §241.13(g)(1); see Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023).

Courts cannot render a finding of reasonable foreseeability in the first instance. Kong, 62 F.4th at 619-20. Instead, ICE must consider past efforts to remove the alien to the country in question, in this case Cambodia, and discern whether its renewed effort will result in his removal in the "reasonably foreseeable future" before arresting and detaining him a second time. Id. at 611, 620 & n.12 (citing 8 C.F.R. §241.13(i)(2). When evaluating the reasonableness of detention, the question is whether the alien's detention continues to serve the statute's basic purpose

of assuring that the alien will be "present at the time of his removal." Zadvydas, 533 U.S. at 699.

Here, to the extent petitioner suggests that the duration of his detention violates his due process rights, such an argument is unavailing. He has been detained, at this point, for 17 days, far short of the six-month period which is presumptively constitutional under Zadvydas. See 533 U.S. at 701. Courts have routinely upheld longer periods of detention. See, e.g., Reid v. Donelan, 17 F.4th 1, 12 (1st Cir. 2021).

Moreover, respondent has proffered sufficient grounds for the Court to conclude that petitioner's removal is foreseeable. They have previously removed at least 25 similarly situated aliens to Cambodia, making petitioner's removal both possible and imminent, and nothing in his pleadings portends any evidence to the contrary. See, e.g., Doe v. Smith, No. CV 18-11363-FDS, 2018 WL 4696748, at *9 (D. Mass. Oct. 1, 2018) (denying habeas corpus because ICE demonstrated "changed circumstances" in which it would be possible to affect an alien's removal). That the government previously forestalled petitioner's removal by granting an order of supervised release does not foreclose its authority to remove him now. See Rodriguez-Guardado v. Smith, 271 F. Supp. 3d 331, 335 (D. Mass. 2017).

Finally, to the extent petitioner questions the constitutionality of the relevant ICE regulations, such a

challenge is also unavailing. The constitutional validity of §241.4 has not been disputed and, in fact, other courts have routinely denied due process challenges where ICE has met its regulatory obligations. See, e.g., Perez v. Berg, No. 24-CV-3251 (PAM/SGE), 2025 WL 566884, at *7 (D. Minn. Jan. 6, 2025), report and recommendation adopted, No. CV 24-3251 (PAM/ECW), 2025 WL 566321 (D. Minn. Feb. 20, 2025); Portillo v. Decker, No. 21 CIV. 9506 (PAE), 2022 WL 826941, at *6 (S.D.N.Y. Mar. 18, 2022); Rodriguez Del Rio v. Price, No. 20 Civ. 217, 2020 WL 7680560, at *4 (W.D. Tex. Nov. 3, 2020). Accordingly, petitioner's due process claim is without merit and his petition for writ of habeas corpus will therefore be denied.

## ORDER

For the foregoing reasons, the petition for writ of habeas corpus of petitioner, Hea Thai, (Docket No. 1) is **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 11, 2025